GEORGE CONN v. S. MILLIKEN, Appellant.

Contracts: CONSTRUCTION: PAYMENT. Under the provisions of the
contract involved in this action, by which plaintiff excavated a
ditch for defendant under his contract with the county, and by
which plaintiff was to receive pay according to defendant's con-
tract with the county and on his order, it is held that the plain-
tiff by his agreement was not bound to accept an order on the
county as absolute payment for his work, or that his pay de-
pended upon defendant's performance of his contract with the
county, but only contemplated payments to plaintiff as they became
due defendant; and hence an acceptance by plaintiff of an order
on the county was not a bar to his recovery against defendant.

Same: PLEADINGS: EXCUSE FOR NON-PERFORMANCE. To authorize
plaintiff's recovery under his contract in this case it was not
necessary for him to plead an extension of defendant's contract
with the county, but simply non-performance by defendant of his
contract with plaintiff; as any excuse for such non-performance
was a matter of defense and not for plaintiff to establish.

Same: PLEADINGS: STATEMENT OF CAUSE OF ACTION. In seeking to
recover upon a contract, as in this case, for the excavation of
a ditch at a stated compensation per cubic yard, it is not nec-
essary for plaintiff to set out the exact time he was engaged in
the work.

*Appeal from Humboldt District Court.*—HON. A. D.
BAILIE, Judge.

THURSDAY, APRIL 7, 1910.

SUIT to recover for work on a ditch. A demurrer
to the petition was overruled, and, the defendant electing
to stand on his demurrer, a judgment was rendered for
the plaintiff. The defendant appeals.—*Affirmed.*

*L. W. Housel,* for appellant.

*Lovrien & Lovrien,* for appellee.

SHERWIN, J.—The defendant entered into a contract with Humboldt County for the excavation and construction of a certain ditch, by the terms of which the work was to be done in a good and workmanlike manner, and in compliance with the plans and specifications therefor. The ditch was to be completed within a certain time, unless an extension of time for its completion was made necessary by the act of the county, and payments for the work were to be made in accordance with the statute. Thereafter the plaintiff and the defendant entered into the following contract:

This agreement made between S. Milliken of Walnut, Ill., and Geo. Conn of Royal Center, Indiana, wherein S. Milliken agrees to give the said Geo. Conn (9) nine cents per cubic yard for the excavation of branch A, also tributaries one and two in drainage district No. (6) six in Humboldt County, Iowa, wherein the said Geo. Conn agrees to do said work in a satisfactory and workmanlike manner under the supervision of the county engineer. The said Geo. Conn is to draw his pay according to S. Milliken's contract with said county on S. Milliken's order on said county, the said Geo. Conn is to ship dredge at once to job and commence work as soon as possible.

The plaintiff set out in his petition a part of the appellant's contract with the county, and alleged that under the terms thereof the ditch was to be completed by the 1st of August, 1907. It was further alleged that the appellant failed to construct the ditch within the time fixed by the contract, and failed to keep the ditch open, as required by the contract. Plaintiff also alleged: That he completed his work according to the terms of his contract with the appellant before the 1st day of August, 1907. That the same was duly approved, and accepted by the engineer of the county and by the appellant, and

that the appellant on the 31st day of August, 1907, directed the county auditor in writing to pay to the plaintiff the amount due him for his work, said writing being as follows: "Webster City, Iowa, Aug. 31st, 1906. Mr. John Cunningham, Humboldt, Iowa; (County Auditor) Please pay Geo. Conn at the rate of nine cents per cubic yard for his yardage and make out the balance to me and oblige. S. Milliken." That the county auditor refused to issue a warrant for the balance due the plaintiff. A second count of the petition alleged that the plaintiff had performed additional work at the request of the defendant and the value thereof. The demurrer raised the point that the contract between the plaintiff and the defendant provided that payments for the work were to be made according to the contract between the defendant and the county, and that the defendant failed to complete his contract with the county, and that twenty percent of the cost of said work was to be withheld until such completion; that said contract provides for an extension of time of completion, and it is not alleged that such extension was not granted.

The appellant's principal contention is that the plaintiff agreed to accept and did accept an order on the county for his work, and that the order issued by the appellant was an absolute payment so far as he is concerned, and that the plaintiff's only remedy is on the order. It may be conceded for the purposes of this case that if the plaintiff had agreed to accept an order on the county as payment absolute, or if he did so accept such order without any previous agreement, he would have to look to the county alone for his money. But the contract does not so stipulate. It provides only that the plaintiff shall draw his pay according to the appellant's contract with the county on Milliken's order on said county. Fairly construed, the provision contemplates payments to the plaintiff at the time they became due the appellant from the

county, and that they might be made from funds due the appellant. There is nothing in the contract indicating an intention to make the plaintiff's pay dependent upon the fidelity of the appellant or the performance of his contract with the county. The appellant seems to have so construed the contract when he directed the auditor to pay the plaintiff, for it appears that he delivered the order to the auditor instead of to the plaintiff. It was not necessary for the plaintiff to plead an exception which extended the time for the performance of the contract. All that he was required to do was to allege that the contract had not been performed by the appellant according to its terms, and, if there was an excuse for such nonperformance, it devolved upon the appellant to plead and prove it.

The second count of the petition was for work done in cleaning out a part of the ditch. An itemized statement of the days and hours engaged in such work was not required.

We are of the opinion that the demurrer was rightly overruled, and the judgment is therefore *affirmed.*